# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JILL LYNN MOORE, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:16-CV-75-PRC |
| | ) | |
| WAL-MART STORES EAST, LP d/b/a | ) | |
| Walmart Supercenter, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [DE 44], filed by Defendant Wal-Mart Stores East, LP d/b/a Walmart Supercenter ("Walmart") on June 14, 2018. Plaintiff Jill Lynn Moore, pro se, has not filed a response brief, and the time to do so has passed. Defendant asks the Court to dismiss Plaintiff's complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff filed the Complaint, through counsel, in the Tippecanoe County, Indiana, Superior Court on August 23, 2016, alleging that, as a proximate cause of Walmart's breach of duty to maintain its premises in a manner to keep it reasonably safe for the use of its customers, employees, and others, on May 21, 2016, Plaintiff slipped, fell, and injured herself at the Walmart Supercenter in Lafayette, Indiana. Walmart removed the case to this Court on September 23, 2016, and filed an Answer on October 3, 2016. The Court held a Rule 16(b) scheduling conference on February 9, 2017, and issued a scheduling order that included a February 2, 2018 discovery deadline. (ECF 19).

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, the undersigned Magistrate Judge has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c). At a subsequent scheduling conference, the Court set the jury trial for September

24, 2018. On August 29, 2017, and then again on October 12, 2017, on the parties' motions, the Court extended the discovery deadline to March 5, 2018, and then again to May 4, 2018. This was in part due to Plaintiff's failure to provide discovery responses. In addition, Plaintiff twice failed to appear for her deposition. (ECF 36-1).

On December 14, 2017, Plaintiff's attorney filed a Motion to Withdraw Appearance, asking to withdraw his appearance, in part, because Plaintiff's telephone was disconnected and counsel could not contact Plaintiff except via email and because of Plaintiff's lack of participation in discovery.

On January 5, 2018, the Court granted the motion and withdrew counsel's appearance, at which point Plaintiff was proceeding pro se. The Court set a telephonic conference for inquiry on attorney representation for February 22, 2018, at 10:00 a.m., to be initiated by the Court. The Court ordered Plaintiff to provide the Court with her current telephone number, which she did.

On February 22, 2018, the Court attempted unsuccessfully to contact Plaintiff several times at the phone number Plaintiff provided. The Court was unable to leave a voicemail message because Plaintiff's voice mailbox was full. Counsel for Walmart appeared for the status conference.

On March 22, 2018, the Court reset the telephonic status conference for April 13, 2018, at 11:00 a.m., with the Court to initiate the call. On April 12, 2018, the Court received notice from Plaintiff that she was attempting to retain counsel and was unable to participate in the April 13, 2018 conference. The Court vacated the April 13, 2018 telephonic conference and reset it for April 27, 2018, at 10:30 a.m.

On April 25, 2018, the Court received notice from Plaintiff that she was attempting to retain counsel and would be unable to participate in the April 27, 2018 hearing because of a healthcare-

related appointment. The Court vacated the hearing, to be reset at a later date.

On May 22, 2018, the Court reset this matter for a telephonic status conference for May 30, 2018, at 2:00 p.m. The Court ordered Plaintiff, on or before May 29, 2018, to contact the Case Manager to provide her current phone number. The Court warned Plaintiff that, if the Court was not able to reach Plaintiff for the May 30, 2018 telephonic conference, the Court may issue an order for Plaintiff to show cause why the case should not be dismissed for her failure to prosecute this matter. *See* N.D. Ind. L.R. 41-1. The Court further advised Plaintiff that any request for relief from the Court must be made by written motion to the Court, including any request to continue the telephonic hearing and that a phone call to the Case Manager to request a continuance is insufficient.

On May 30, 2018, a telephonic status conference was held and counsel for Walmart participated; however, Plaintiff was unable to participate purportedly due to illness. Instead, Plaintiff's relative, Amanda Nigle, advised the Court that Plaintiff intends to proceed with the case and confirmed Plaintiff's telephone number. The Court again reset the hearing to June 19, 2018, instructing Ms. Nigle to inform Plaintiff that she is required to be available for the hearing.

On June 14, 2018, Walmart filed the instant Motion to Dismiss.

On June 19, 2018, the Court attempted to contact Plaintiff three times at the telephone number of record, each time receiving Plaintiff's voicemail and each time leaving a voicemail message asking that Plaintiff contact the Court. Plaintiff did not return the Court's telephone call. As noted above, Plaintiff did not respond to the instant Motion to Dismiss.

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh

sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted); *see also Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given Plaintiff's dilatory conduct, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. Plaintiff's counsel withdrew in December 2017, in part because of Plaintiff's lack of participation in discovery and because of difficulty contacting her. The Court has attempted on no less than five occasions to conduct a telephonic status conference with Plaintiff, and each time Plaintiff failed to be available for the Court's telephone call. On May 22, 2018, the Court warned Plaintiff, in writing, that a failure to participate in the rescheduled May 30, 2018 conference may result in the Court issuing a show cause order why the case should not be dismissed for failure to prosecute. Plaintiff did not make herself available for the May 30, 2018 status conference. Subsequently, Walmart filed the instant Motion to Dismiss on June 14, 2018. And then Plaintiff again was not available for the rescheduled conference set for June 19, 2018. Having been served with Walmart's Motion to Dismiss, Plaintiff had an opportunity to explain why the case should not be dismissed in a response brief but did not avail herself of that chance.

Plaintiff had explicit and due warning that her case may be dismissed. The Court finds that dismissal is warranted by Plaintiff's failure to appear at her deposition, to produce documents in

discovery, to execute authorizations necessary for the discovery process, and to appear at any of the scheduled status conferences in this case or otherwise participate in the prosecution of her Complaint.

Accordingly, the Court **GRANTS** the Motion to Dismiss [DE 44] and **ORDERS** that this case be **DISMISSED without prejudice**.

SO ORDERED this 3rd day of July, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     Pro se Plaintiff